**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3803-23

DAVID MICHAEL UMBRIA,
a/k/a MICHAEL UMBRIA,
UMBRIA MICHAEL,

     Plaintiff-Respondent,

v.

RICHARD E. MEYERS, JR.,

     Defendant-Appellant.

_____

Submitted May 20, 2025 – Decided June 11, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. SC-000761-23.

Richard E. Meyers, Jr., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendant Richard Meyers, Jr. appeals from a May 31, 2024 Special Civil Part judgment against him in the amount of $4,500. We affirm.

I.

In August 2023, plaintiff David Umbria filed a complaint against defendant alleging breach of contract. The parties represented themselves during a bench trial conducted on May 31, 2024. Both parties testified.

According to plaintiff, he entered into a Territory Recruiter Agreement (the "Agreement") dated October 25, 2022, whereby he was hired as an independent contractor to facilitate the identification, recruitment, training, mentoring, and business developments of [a]gents for defendant and his company, Great INS Opportunity, LLC ("Great INS"). In addition to the Agreement, plaintiff's responsibilities, requirements and compensation were included in two emails from September 26 and 27, 2022.

Plaintiff testified that in addition to soliciting new clients, he was also charged with servicing existing clients. Plaintiff stated that he was to be paid a commission for new clients, but his salary was to be $54,000 a year or $4,500 a month until his commissions exceeded that amount, and then his salary would go away. At trial, plaintiff provided a September 26, 2022 email documenting

the $54,000 salary and Venmo receipts showing defendant paid him $4,500 per month for his first eight months of employment.

In the middle of June 2023, plaintiff testified he was terminated when defendant emailed him that he would no longer be paid $4,500 a month. Plaintiff stated that under the Agreement he was entitled to be paid $4,500 for the entire month of June.

Defendant testified that the only compensation plaintiff was entitled to was under Exhibit "A" of the Agreement, which called for commission based on business plaintiff produced. During his testimony, defendant attempted to produce a document prepared by his company's accounting department showing a negative amount of commission due. However, the court did not admit the report into evidence, as it was not authenticated.

Defendant also testified that he was paying $4,500 a month to plaintiff as a temporary monthly draw and a goodwill accommodation with the understanding that plaintiff would work favorably to quickly exceed that amount. Defendant then testified that plaintiff failed to adequately document communications with prospects and existing agents. Additionally, defendant stated that since plaintiff was not producing new clients, he emailed plaintiff

3

that he would no longer be receiving a monthly draw. According to defendant, plaintiff then quit.

After hearing the testimony and examining the various documents admitted into evidence, the trial court determined that under the contract, plaintiff was entitled to be paid for the entire last month of employment. The court made findings. First, the court determined the Agreement was a valid contract. Next, the court highlighted that Part 6D of the Agreement states that Great INS would compensate the recruiter under this Agreement and that Part 7 states that Great INS will pay the recruiter on the 15th of each month.

Continuing to read the agreement, the court stated:

> After termination of agreement, it says in A, if Great INS terminates because of a failure to meet performance criteria, the trainer will be paid through the end of the month, but if the territory manager terminates the agreement without cause, he still will be paid through the end of the month.
>
> At the very end . . . it says this agreement cannot be modified or changed except by written instruments signed by all the parties thereto. It then . . . attaches Exhibit T, which relates to what's required in terms of the compensation.
>
> So I find that there was a contract, the territory agreement. Both parties basically decided to walk away. I can't really say either party is responsible for terminating. I think they realized they were at a fork in the road and it wasn't working out. So what they

4

disagree on is in terms of what is owed once they walked away from each other.

So of importance is the email 9/26/2022.[1] Although that agreement is not signed, I believe and I find it created a contract implied in fact, which entitled [plaintiff] to $54,000. It was defined as a base $54,000 per year paid monthly. It's a nonrecoverable draw, also known as a guarantee, and this enables you to build sales commissions into your pipeline.

Compensation from your recruited agents totally replaces base once it exceeds the base. And as I said thereafter, [defendant] paid him, which demonstrated to me that that was a binding contract, even though it was not, quote, signed by both parties.

[Plaintiff] was terminated in mid-June and therefore I find in reading these documents together that he was entitled to the $4500 up until he left, which was mid-June. That payment was not paid. And, therefore, I'm finding in favor of [plaintiff] in the amount of $4500.

This appeal follows.

## II.

Our review of a bench trial is limited. We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Balducci v. Cige, 240 N.J. 574, 594 (2020). A trial court's findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the

---

[1] This email was not provided to us in the record.

competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). Accordingly, "findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). However, our review of a trial court's legal determinations is de novo. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

On appeal, defendant argues the trial court erred in finding for the plaintiff because compensation was detailed in the signed agreement and an earlier email. Defendant also contends that it would be unjust enrichment for defendant to receive compensation when he unilaterally eliminated job duties. We are not persuaded by these arguments.

Plaintiff sued defendant for a breach of contract. A breach of contract lies where plaintiff proves: (1) the existence of a valid contract between the parties; (2) plaintiff's performance under that contract; (3) defendant's failure to perform under that contract; and (4) plaintiff's damages flowing from that failure. Goldfarb v. Solimine, 245 N.J. 326, 338 (2021).

At trial, both parties agreed there was a contract between them. Additionally, no one disputed that plaintiff's contract terminated. Therefore, the only remaining question was what, if anything, the plaintiff was entitled to receive when the contract ended.

Before the Agreement was signed, there was an email on September 26, 2022, that referenced a compensation base of $54,000 paid in monthly installments. Although defendant argues that the Agreement, with an entirety clause was signed in October of 2022, defendant continued to pay plaintiff $4,500 installments for several months. Based on the wording of the Agreement and the actions of the parties prior to plaintiff's separation from the company in the middle of June, the court determined plaintiff was owed $4,500 for the entire month of June. The trial court thoroughly examined the testimony and documents presented by the parties. The court's conclusions are supported by substantial credible evidence in the record, and we see no reason to disturb them.

Defendant's arguments made as to unjust enrichment are without merit. Unjust enrichment claims apply when parties do not have a contract. See N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.) Inc., 449 N.J. Super. 542, 556 (App. Div. 2017). To prove a claim for unjust enrichment, a plaintiff must "show both that defendant received a benefit and that retention of that benefit without

payment would be unjust." <u>VRG Corp. v. GKN Realty Corp.</u>, 135 N.J. 549, 554 (1994). Here, there is no dispute that a contract existed, and plaintiff was entitled to payment through the end of June. Therefore, defendant cannot recover under a theory of unjust enrichment.

To the extent we have not addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division